Matter of the Application of WILLIAM HICKEY, of the Town of Kinderhook, for a Writ of Certiorari to the Commissioner of Excise of the State of New York and the County Treasurer of Columbia County·

Matter of the Application of ALFRED SNYDER, of the Town of Kinderhook, for a Writ of Certiorari to the Commissioner of Excise of the State of New York and the County Treasurer of Columbia County.

(Supreme Court, Albany Chambers, October, 1917.)

Liquor Tax Law — provisions of, for appointment of commission by town boards — villages — towns.
Certiorari — determination of local commission final — Laws of 1917, chap. 623, § 8.

Before the amendment of section 8 of the Liquor Tax Law by chapter 623 of the Laws of 1917, the town of Kinderhook, Columbia county, was entitled to and had sixteen certificated places for the sale of liquor to be drunk on the premises, four in Kinderhook village, seven in the village of Valatie and five in the outlying territory. Under said amendment, the commission appointed by the town board, to reduce the number of places in the town as "nearly as may be" in proportion to the number of places then trafficking in liquor, certified to two in the village of Kinderhook, three in the village of Valatie and one in the town outside of the said villages. The state commissioner of excise, after notifying the county treasurer of Columbia county not to issue any certificates for the town of Kinderhook, filed a designation of places which were to be allowed to traffic in liquors after October 1, 1917, one to the village of Kinderhook, three to the village of Valatie and two to the town outside of said villages. *Held,* that as under said section 8, as so amended, the determination of the local commission was final and conclusive, the designations by it being made before September 1, 1917, the application of a resident of the village of Kinderhook whom the state commissioner of excise had omitted from his designation and of a resident of the village of Valatie whom

he had also omitted from his designation substituting for him the name of some other person, both of said applicants being designated by the local commission, that the county treasurer issue to each of said applicants a liquor tax certificate to traffic in liquors in places designated by the local commission will be granted.

APPLICATION for writ of certiorari.

Coffin & Coffin (Samuel B. Coffin, of counsel), for petitioner William Hickey.

J. Rider Cady, for petitioner Alfred Snyder.

Harry D. Sanders for state excise commissioner and for county treasurer of Columbia county.

RUDD, J. The applicants above named ask for a writ of certiorari directed to the state commissioner of excise and the county treasurer of Columbia county to review the action of the county treasurer in refusing to issue a liquor tax certificate to the applicants respectively.

The applicant Hickey is a resident of the village of Kinderhook, Columbia county, and the applicant Snyder is a resident of the village of Valatie in the same county.

Each petitioner has under the Liquor Tax Law for many years been engaged in the business of trafficking in liquors under a certificate duly issued authorizing him to traffic in liquors to be drunk upon the premises where sold.

The facts set forth in the petitions here under consideration are not controverted by the commissioner of excise of the state.

The counsel representing the state commissioner stated upon the argument of the question here

involved that he believed the statement of facts set forth by the petitioners was correct.

It was also agreed in open court, between the counsel representing the state commissioner and the petitioners, that without the formality of the issuance of a writ of certiorari this court might determine the question presented and make an order in accordance with such determination.

The population of the town of Kinderhook, according to the last census, was 3,356.

Under the amendment to section 8 of the Liquor Tax Law (chapter 623 of the Laws of 1917) the town of Kinderhook would be entitled to one certificated place for each 500 of population.

The town would, therefore, be entitled to six liquor tax certificates. Under the law previous to the amendment it was entitled to and had sixteen certificated places for the sale of liquor to be drunk upon the premises.

In the town of Kinderhook there are two incorporated villages, Kinderhook with a population of 827 and Valatie with a population of 1,410 and in the town there is territory outside of the two villages mentioned.

Of the sixteen certificates outstanding before the law was amended in the town of Kinderhook four were in Kinderhook village, seven in Valatie and five in the town outside of the villages.

The amendment of the Liquor Tax Law which we are examining provides for the appointment of three commissioners by the town board of each town who " shall, before August tenth, nineteen hundred and seventeen, investigate as to the location of places within such city or town where trafficking in liquors is engaged in under liquor tax certificates issued under subdivision one of this section, and may inquire as to the conduct of such business at such places. Upon the

completion of such investigation and inquiry, which shall be on or before September first, nineteen hundred and seventeen, the said commission shall determine as to the places within such city or town, not exceeding the ratio of one for each five hundred of the population thereof, where trafficking in liquors may be continued during the ensuing year, beginning October first, nineteen hundred and seventeen, under liquor tax certificates issued under subdivision one of this section.''

The amended law further provides: '' The determination of such commission shall be final and conclusive. In case such commission shall fail to designate on or before September first, nineteen hundred and seventeen, the places in such city or town for which liquor tax certificates may be issued, or in case * * * the town board of a town refuses or fails to appoint such commissioners, or if for any other cause such designation is not made, the state commissioner of excise shall designate said places.''

The town board of Kinderhook appointed a commission under the provisions of the amended law. That commission made certain designations. It was the duty of the local commission appointed by the town board to reduce the number of places in the villages as '' nearly as may be '' in proportion to the number of places then trafficking in liquors, namely, sixteen, at the time of the investigation.

The local commission certified to two in the village of Kinderhook, three in the village of Valatie and one in the town outside of the two villages.

The state commissioner of excise notified the county treasurer of Columbia county not to issue any certificates for the town of Kinderhook.

The state commissioner then filed a designation of places which were to be allowed to traffic in liquors after October 1, 1917.

The state commissioner of excise in the designation by him made allowed one to the village of Kinderhook, three to the village of Valatie and two to the town outside of these two villages.

The state commissioner of excise reduced the number of certificates, as determined by the local commission appointed by the town board, in the village of Kinderhook from two to one. By such reduction the state commissioner omitted William Hickey, one of the petitioners herein.

The state commisioner of excise in his designation for the village of Valatie fixed upon the same number as was determined by the local commission appointed by the town board but omitted from such designation for the village of Valatie Alfred Snyder, the petitioner herein, substituting for him the name of some other person.

The state excise commissioner contends that the designations made and filed by the local commission appointed by the town board are void because such designations do not " reduce the number of places in each of such villages and parts of villages and in the territory of such town outside of such villages *as nearly as may be* in proportion to the number of places where trafficking in liquors was engaged in at the time of the investigation," for the reason that the proportion was not sustained by the closest possible mathematical accuracy.

The state commissioner claims that exact mathematical accuracy would mean that Kinderhook village would be entitled to one and one-half certificates, the town outside of the villages would be entitled to one and seven-eighths certificates and that, therefore, the designation of two places in Kinderhook village, representing one and one-half certificates, and the designation of one place in the town outside of the vil-

lages representing one and seven-eighths certificates, are not as accurate as it is possible to make them, and that, therefore, the designation of the local commission appointed by the town board not being accurate in this respect is, therefore, void, and that the situation is as if the local commission had made no designations, and that it was the duty of the state commissioner of excise to make the designations which he filed with the county treasurer, and which upon this application he desires should be sustained. .

It is of course impossible to make under the provisions of the law an exact mathematical proportionate designation; that is not only recognized by us, but it is recognized by the provisions of the law itself.

The local commission was called upon to reduce the number in the villages as nearly as may be in proportion to the number of places that trafficked in liquors at the time. This commission was called upon to act "as nearly as may be."

As has been said by the courts, this does not mean as "nearly as may be possible," or "as near as may be practicable," but it certainly means, under the construction which the courts have heretofore placed upon this expression, that the commission charged with the responsibility, local in its character, and in its make-up, was called upon to exercise a wise and honest discretion, and if it so acted, although it may be its act or conclusion or determination would vary somewhat from the determination or conclusion of some other body charged with a like responsibility, unless it has abused that discretion, unless it is apparent from what it has done or failed to do that it has not done or attempted to do that which the law calls upon it to do, namely, to sustain the proportion as nearly as may be, then, and only then, would the court interfere.

This local commission, appointed by the town board, is called upon under the law to investigate and inquire as to the location of places within the town where previous to the amendment of the act trafficking in liquors was engaged in, and also to inquire as to the conducting of such business at such places, and upon the completion of such investigation and inquiry that then it shall determine as to the places within the town where hereafter the business of liquor selling shall continue for another year.

The petitioner Hickey of Kinderhook village is the proprietor of the Lindenwald Hotel, the site of a hotel for over fifty years. It may well be that that fact was taken into consideration by the local commission in designating the places in this old village.

The counsel for the excise commissioner did not explain, to the satisfaction at least of this court, why the commissioner when making designations in the town of Valatie of the same number of places as designated by the local commission assumed to substitute the name of some person for that of the petitioner Snyder.

The evident theory and intent of the enactment seems to be in the first instance at least to vest in this local commission, appointed by the board representing the town, the responsibility not only of investigating and inquiring as to the places and character of the places, and, when that is done, making the designations in number and locality as required by the law, and unless there has been an abuse of the power vested in the local commission the designations by the local commission become final and conclusive, and it does not seem as if the state commissioner of excise would be justified under the law in substituting one person for another as a certificate holder.

The only theory upon which the state commissioner

of excise sustains his contention is that the certificate filed by the local commission is void and of no effect, and that, therefore, the local commission has failed absolutely in the performance of its duty.

The provision of the amended law is that: " The determination of said commission (that is the commission appointed by the town board) shall be final and conclusive."

There is no doubt as to the meaning of that phraseology, and the state excise commissioner is not authorized or empowered to designate the places to be certificated except in the case that the local commission shall fail to designate on or before September 1, 1917, or in case the town board of a town refuses or fails to appoint such commission, or if for any other cause such designation is not made. Then, and then only, can the state commissioner act.

The determination of the local board is final and conclusive unless it appears that it has failed in the exercise of the discretion with which it is vested or has abused that discretion.

In the papers before this court and upon the admitted facts there seems to be no evidence from which this court would be justified in assuming that the local commission appointed by the town board had thus failed.

Its certificate was made in time. It was duly filed. It was probably as nearly accurate mathematically, having regard to the proportion which the law calls upon the commission to sustain, as could be, and therefore the applications of these petitioners asking for a determination directing the county treasurer of Columbia county to issue to each of them, respectively, a liquor tax certificate to traffic in liquors at the places designated by the local commission, is granted.

Applications granted.