THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD NALLY, Relator, *v.* HERBERT S. SISSON, State Commissioner of Excise, and JOHN P. MCNAB, Special Deputy Commissioner of Excise for the County of Albany, N. Y., Defendants.

(Supreme Court, Albany Special Term, November, 1917.)

Liquor Tax Law — commissioners appointed to investigate places where traffic in liquor may be continued — statutes — Laws of 1917, chap. 623.

Chapter 623 of the Laws of 1917 which directs the three commissioners appointed by the mayor of a city to investigate as to the location of places within the city where trafficking in liquor was engaged in and to determine before September 1, 1917, the places within the municipality where such traffic may continue during the year beginning October 1, 1917, requires the commissioners to act as a board, and where due notice of the time and place of meeting is given to each commissioner, one of whom did not attend, the written statement, containing a description of the places where the traffic in liquor may be continued, as required by the statute, and signed by the other two commissioners, is a compliance therewith.

APPLICATION for a writ of certiorari.

Albert J. Danaher (Wm. J. Roche, of counsel), for relator.

Harry D. Sanders, for defendants.

Chester, J.   The relator, Edward Nally, was the holder of a liquor tax certificate duly issued pursuant to law, which authorized him to traffic in liquors at No. 1301 Seventh avenue, in the city of Watervliet, during the year beginning October 1, 1916, which certificate was in full force at the time of the taking effect of chapter 623 of the Laws of 1917, which chapter made numerous amendments to section 8 of the Liquor Tax Law.  Laws of 1909, chap. 39.  These amendments provided among other things for a substantial reduction in the number of places where liquor might be sold under certificates like that held by the petitioner, so that in the city of Watervliet it was necessary to reduce the number from forty-seven to twenty-nine. Pursuant to the provisions of the amendatory act, in order to effectuate the reduction, the mayor of the city appointed three commissioners whose duty it was to investigate as to the location of places within such city where traffic in liquors was engaged in and to determine before September 1, 1917, the places within the city where traffic in liquors might continue during the year beginning October 1, 1917.  The statute provides that within ten days after notification of their appointment the members of the commission shall meet at a time and place to be designated by the commissioner of excise and shall organize by the election of one member as chairman of the commission and also provides that the commission may appoint a clerk. The commission so appointed did meet and organize in the manner provided by statute.  The amended statute also provides that: '' The said commission shall

prepare a written statement containing a description of the places where such trafficking in liquors may be continued, giving the street number, if any, and the names of the holders of the liquor tax certificates under which such trafficking was engaged in at the time of the investigation. * * * Such statement shall be signed in triplicate by the members of the commission, one of which triplicates shall be filed with the state commissioner of excise, one with the certificate issuing officer of the county in which such city or town is situated, and one in the office of the clerk of the city or of the town clerk of the town.'' The statute also provides that: '' The determination of such commission shall be final and conclusive. In case such commission shall fail to designate on or before September first, nineteen hundred and seventeen, the places in such city or town for which liquor tax certificates may be issued, or in case the mayor of a city or the town board of a town refuses or fails to appoint such commissioners, or if for any other cause such designation is not made, the state commissioner of excise shall designate said places.''

It appears that the determination of such commission was made at a meeting thereof held at the city hall in Watervliet, where it had been accustomed to meet, and upon notice duly given of the time and place of said meeting to the third member of the commission who did not attend; that two members of said commission who did attend prepared their statement in triplicate designating the relator's place as one of the places where such trafficking might be continued and filed such statement in the offices required by the statute and that the third member of the commission also prepared and filed a statement in writing in triplicate designating some other places but including in his designation also the name of the relator and the description of his place.

Supreme Court, November, 1917.     [Vol. 101.

The state commissioner of excise insists that the three commissioners must all join in signing the statement and that a statement signed by two only is not a compliance with the law. Regarding the certificate signed by the two commissioners as a failure to designate in this case, he has made an investigation on his own account and has designated the places where trafficking in liquors in Watervliet might be continued, omitting in his designation the name and the place of the relator.

So the question is clearly presented here as to whether the statement required by law must be a single statement signed by all three of the commissioners or whether it may be the statement of a majority of them acting as a commission.

The state commissioner of excise places his contention largely upon the provision in the law that " Such statement shall be signed in triplicate by the members of the commission," but in construing statutes the entire law must be taken into consideration so that if possible all parts of it may be made effective. It cannot be overlooked here that, as above mentioned, the mayor under the law is to appoint a " commission " to consist of three members; that such " commission " is required to meet and organize by the election of one member as chairman and authority is given to the " commission " to appoint a clerk. The " commission " is required to investigate as to the location of places within the city where trafficking in liquors is engaged in under the liquor tax certificates and to inquire as to the conduct of such business at such places. Upon the completion of such investigation and inquiry the law provides " that the said *commission* shall *determine* as to the places * * * where trafficking in liquors may be continued during the ensuing year; " that the " *commission* " shall prepare a

written statement containing a description of such places and that the determination of such "commission" shall be final and conclusive.

It is thus clear under the express terms of the statute itself that it is the *commission* which is required to act and that it acts as a board or a body.

The fact that the law makes it the duty of the individual members in certifying the action of the commission to sign the statement which it is required to make in nowise changes the character of the duties which devolve on that body, nor can the failure of an individual commissioner to perform the duty thus imposed upon him to sign the statement representing the official act of the commission be permitted to nullify the clear purpose and intent of the law.

There is force in the suggestion that in this case the statement signed by the two commissioners and the separate statement signed by the third commissioner, both of which included the name of the relator and a description of his place, should be regarded, so far as he is concerned, as a single statement signed by all three of the commissioners, and therefore effective as a determination in his favor.

But I prefer to put my decision on the ground that the act requires the commissioners to act as a board and that therefore a majority vote at a meeting duly called of which all the members had notice is sufficient.

Indeed it has recently been held by Justice Morschauser at Special Term, in a recent case arising under this amendment, that where a statement is signed by two of three commissioners, with a minority report signed by the third commissioner, the state commissioner of excise had no authority to make the designation and that the designation by a *majority* of the commissioners was a designation by the commission. *People ex rel. Max Glick* v. *Russell, Co. Treas.,*

Dutchess Spec. Term, not yet reported. In determining this question I should follow this decision. It is not only in harmony with section 41 of the General Construction Law as applied to situations like that presented here (Laws of 1909, chap. 27), but with the rule of the common law. 23 Am. & Eng. Ency. of Law, 59; 29 Cyc. 1689; *People ex rel. Washington* v. *Nichols,* 52 N. Y. 478.

The ruling also gives force to the evident intention of the legislature in these amendments to the Excise Law to give to each locality, in the first instance, through its local commissions, the right to make the required investigations and to determine the places where trafficking in liquors might be carried on, as well as those which their investigation lead them to believe should not be permitted to so traffic, in order to reduce the places to the number authorized by law. This in effect was held in the *Glick Case, supra,* and also in *Matter of Hickey,* 101 Misc. Rep. 323.

Application granted.